DECISION AND JUDGMENT ENTRY
After Clifford Longnecker pled no contest, the Washington County Common Pleas Court found him guilty of one count of gross sexual imposition, sentenced him to four years in prison and found him to be a sexual predator. Longnecker appeals and assigns the following errors:
FIRST ASSIGNMENT OF ERROR
 "THE FINDING BY THE TRIAL COURT THAT APPELLANT IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 SECOND ASSIGNMENT OF ERROR
 "SENTENCING A SEVENTY-YEAR OLD DEFENDANT WITH ABSOLUTELY NO PRIOR CRIMINAL HISTORY TO PRISON IS A SENTENCE THAT IS CONTRARY TO LAW."
 THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN FAILING TO ALLOW THE APPELLANT TO WITHDRAW HIS PLEA OF GUILTY WHEN IT BECAME APPARENT THAT THE DEFENDANT WAS CONTESTING THE ELEMENTS OF THE OFFENSE AND THAT IN FACT THERE WAS NOT ENOUGH EVIDENCE TO SUPPORT ALL THE ELEMENTS OF THE OFFENSE."
 FOURTH ASSIGNMENT OF ERROR
 "CLIFFORD LONGNECKER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
We sustain Longnecker's first and second assignments of error (in part) but overrule his third and fourth assignments of error.
 I.
A Washington County grand jury indicted seventy year old Clifford Longnecker on two counts of gross sexual imposition under R.C.2907.05(A)(4). Each count was a third degree felony because the victim was under thirteen years old. On the day set for trial, Longnecker pled no contest to the first count and the state dismissed the second one. In addition, the state recommended community control sanctions as Longnecker's sentence. In the alternative the state represented that if the court imposed a prison sentence, it would not oppose early release at the appropriate time.
At the change of plea hearing, the trial court took great pains to make sure that Longnecker was aware of his constitutional rights and found that he voluntarily, knowingly, and intelligently waived those rights. The court was careful to point out to Longnecker that he could face up to five years in prison and be labeled a sexual predator. Longnecker then stipulated to the following facts: "During the summer of 1999 the child of a tenant was at [Longnecker's] house. During the time that she was there — and she wasn't your spouse. During the time that she was there, [Longnecker] touched the vaginal lips of this child for the purposes of sexual gratification."
Subsequently, the trial court held a combined sentencing and sexual predator hearing where the victim's mother, Mrs. Longnecker, and Longnecker testified. Longnecker made it clear that he had pled no contest in order to spare his wife the hardship of going through a trial. The court also admitted the Pre-Sentence Investigation Report (PSI) prepared by Alison Gilchrist. Longnecker disputed many of the items contained in the PSI, including a purported comment by Mrs. Longnecker to Sara Polk, a social worker, that Mrs. Longnecker thought her husband had molested their children. When Mrs. Longnecker testified, she denied ever making such a statement to Ms. Polk. Longnecker's counsel also stated to the trial court that he had contacted Ms. Polk who did not recall Mrs. Longnecker making any such claim to her. However, Ms. Polk was not present to testify.
After that exchange, the state informed the trial court that it would not object to Longnecker withdrawing his no contest plea. Longnecker's counsel then stated "Mr. Longnecker had a reason for doing what he did. I don't know that that reason has changed." Longnecker's counsel argued that the state could not make such a motion and the trial court agreed.
Later, when Longnecker took the stand, he offered his version of the facts behind the charges. He stated that while the victim was at his house, he thought he noticed a bug on her. According to Longnecker, the victim stated that it was not a bug but a mole. She stated that she had moles all over her and then pulled her own pants down. Mrs. Longnecker testified that she heard this conversation but only saw her husband pulling the victim's pants up. Longnecker claimed that his hand only brushed up against the victim's vagina when he helped pull her pants back up and that he did not touch the victim for the purposes of sexual gratification. Longnecker claimed that during his taped confession he was confused and that he never meant to admit to touching the victim for the purposes of sexual gratification. Nevertheless, he stated that he wanted to plead no contest because he was afraid his wife was going to have a "nervous breakdown."
After considering all of the evidence, the trial court sentenced Longnecker to four years in prison and found him to be a sexual predator. This appeal followed.
 II.
In his first assignment of error, Longnecker argues that the trial court's finding that he is a sexual predator is against the manifest weight of the evidence. We agree because the record lacks clear and convincing evidence to support the trial court's finding.
A sexual predator is defined as a person who has been convicted of or has pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E); State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247,743 N.E.2d 881. Before a court may adjudicate an offender as a sexual predator, it must find each of these elements established by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is a measure or degree of proof that is "more than a mere `preponderance of the evidence,' but not to the extent of such certainty as * * * beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54, quoting Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus.
When reviewing whether clear and convincing evidence supports the trial court's decision, we must examine the record and ascertain whether enough evidence existed to meet this burden of proof. In re Adoption of Holcomb
(1985), 18 Ohio St.3d 361, 368, 481 N.E.2d 613.
When determining whether an offender should be classified as a sexual predator, a court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). Eppinger, 91 Ohio St.3d at 164. A trial court must discuss on the record the particular evidence and factors upon which it relies to support its decision that recidivism is likely.Eppinger, 91 Ohio St.3d at 166-67. However, a trial court is not required to express its reasoning or make explicit findings on all the criteria listed in the statute. It need only consider and address those factors that are relevant. The R.C. 2950.09(B)(2) factors are:
"the offenders age;
 "the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
"the age of the victim of the sexually oriented offense;
 "whether the sexually oriented offense involved multiple victims;
 "whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "any mental illness or mental disability of the offender;
 "the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; whether the offender, during the commission of the sexually oriented offense displayed cruelty or made one or more threats of cruelty; an additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
A court is under no obligation to "tally up" the R.C. 2950.09(B)(2) factors in any particular fashion. State v. Mollohan (Aug. 20, 1999), Washington App. No. 98CA13. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id. Under proper circumstances, a court may properly designate an offender as a sexual predator even in the absence of expert testimony from the state. Eppinger, 91 Ohio St.3d at 162-63.
In Eppinger, the Ohio Supreme Court suggested a three pronged "model sexual predator classification hearing." Eppinger, 91 Ohio St.3d at 166. First, the court should create a sufficient record for review. Id. Second, the state should consider whether an expert is required to assist the trial court in determining if the defendant is likely to engage in one or more sexually oriented offenses in the future. Id. Finally, the trial court should consider the R.C. 2950.09(B)(2) factors. Id. Since the trial court's entry did not include the rationale for its determination, we are left to review the record in search of the court's compliance withEppinger.[1]
The record reveals that the trial court made the following statement at the sexual offender classification hearing:
"The victim in this case was nine years old at — at the time, or thereabouts, and Mr. Longnecker was either in his late six sixties or seventy at the time. I'm just — he was like sixty-eight, sixty-nine or seventy. But there is a great age difference, and, I'm sorry, you don't have children pull their pants down and show you their moles and put your hands on them and touch them at that age if you're not a parent.
"He is deemed by the Court to be — the — the definitions are — I thought I had them laid out here. A sexually oriented offense, he has been found guilty of that, and there was a no contest of the indictment and of the facts of the indictment itself, not the facts behind the indictment. A person who has been convicted of a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses is a sexual predator. He is deemed to be a sexual predator." Eppinger demands more.
Here, Longnecker meets the first prong of the sexual predator test because the court found him guilty of a sexually oriented offense. But there is no clear and convincing evidence in the record to establish the second prong, i.e. that he is likely to reoffend.
In finding that Longnecker was likely to commit another sexually oriented offense, the court focused upon the age difference of the victim, who was eight years old and the offender, who was seventy. See R.C. 295.09(B)(2)(a) and (c). The remaining factors, which the court did not address, appear to work to Longnecker's advantage. For example, Longnecker does not have a prior criminal record, this offense did not involve multiple victims, this offense was not facilitated by drugs or alcohol, this offense was not part of a demonstrated pattern of abuse, no force was present, and no threats of cruelty or actual cruelty exist. See R.C. 2950.09(B)(2)(b),(d),(e),(f),(g), (h),(i) and (j). In addition, the nature of the conduct, although reprehensible, is not near the worst form of the offense.
The Ohio Supreme Court has cautioned trial courts that "[a]lthough certainly even one sexually oriented offense is reprehensible and does great damage to the life of the victim, if we were to adjudicate all sexual offenders as sexual predators, we run the risk of `being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. * * * Moreover, the legislature would never have provided for a hearing if it intended for one conviction to be sufficient for an offender to be labeled a `sexual predator.'"Eppinger, 91 Ohio St.3d at 165.
The Court has also cautioned that "predicting future behavior of a sex offender, or anyone else, for that matter, is an imperfect science. * * * [T]he evidence presented by a psychologist, psychiatrist, or other expert in the field of predicting future behavior may be the best tool available to the court to assist it in making these determinations." Eppinger,91 Ohio St.3d at 163.
This is especially true when a defendant has been convicted of only one sexually oriented offense. Eppinger, 91 Ohio St.3d at 162. One sexually oriented offense is not a clear predictor of future recidivism or a predictor that the defendant is a pedophile. Id. Longnecker was seventy years old and yet this offense was his first criminal offense of any nature. Here, the only evidence that is relevant to recidivism is the victim's age. This evidence does not satisfy the clear and convincing burden of proof faced by the state.
In conducting sexual offender classification hearings, trial courts should strive to comply with Eppinger, including, if necessary, sua sponte appointing an expert to testify regarding the likelihood of recidivism. Upon remand, the trial court should conduct another sexual offender classification hearing, in compliance with Eppinger, in order to determine if Longnecker is a sexually oriented offender according to R.C. 2950.01(D). Longnecker's first assignment of error is sustained.
In his second assignment of error, Longnecker argues that (1) he should not have been sentenced to any term of imprisonment; (2) that more than the minimum prison sentence is contrary to law because the record does not support more than the minimum sentence; and (3) his four year prison sentence is contrary to law. Without deciding the substantive merits of these contentions, we remand for resentencing.
Appellate courts have limited jurisdiction to review sentences. A defendant has an appeal of right where the sentence is contrary to law. R.C. 2953.08(A)(4). We may not reverse a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(2). See, also, State v.Cody (Oct. 30, 2001), Washington App. No. 00CA56, 2001-Ohio-2609. If we find that the sentence is contrary to law, we may remand for new sentencing, modify the sentence, or vacate the sentence. R.C.2953.08(G)(2).
A person commits gross sexual imposition by having nonconsensual sexual contact with another individual who is not their spouse. R.C. 2907.05(A). Sexual contact means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purposes of sexually arousing or gratifying either person." R.C. 2907.01(B). If the victim is under thirteen years old, the offense is a third degree felony. R.C.2907.05(B).
Unless the statute mandates a prison term, a sentencing court has some discretion in deciding what sanction is appropriate to satisfy the purposes and principles of sentencing. See R.C. 2929.12(A) and R.C. 2929.11. Non-drug related third degree felonies carry no presumption for or against imprisonment. R.C. 2929.13(C). In deciding whether to impose a prison term for such a crime, the court must consider the purposes and principles of sentencing found in R.C. 2929.11 and the factors concerning the seriousness of the conduct and the likelihood of recidivism found in R.C. 2929.12. Id. A trial court may impose a prison sentence if it finds that a prison sentence is necessary to satisfy the two overriding purposes of R.C. 2929.11(A), i.e. to protect the public and punish the offender. In imposing any sentence, the court must consider whether its choice imposes an undue burden on government resources. See R.C.2929.13(A). If the trial court finds that a prison sentence is necessary, third degree felonies are punishable by one, two, three, four, or five years. R.C. 2929.14(A)(3).
Once a trial court elects to impose a prison sentence, it normally must impose the shortest authorized prison term if the offender has not previously served a prison term. R.C. 2929.14(B). See, also, State v.Edmonson, 86 Ohio St.3d 324, 325, 1999-Ohio-110, 715 N.E.2d 131. But the trial court may impose a longer sentence if it finds on the record that the shortest prison term will either demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B); Edmonson, 86 Ohio St.3d at 325; State v. Martin,140 Ohio App.3d 326, 335, 2000-Ohio-1942, 747 N.E.2d 318. The trial court is not required to give reasons in support of its finding that the minimum prison term is inadequate. Edmonson, 86 Ohio St.3d at 326. But it must note on the record that it engaged in the analysis required under R.C. 2929.14(B) and that it varied from the minimum sentence for at least one of the two statutory reasons. Id. at 327.
Here, after sentencing Longnecker to a four year sentence, the trial court expressly found in its entry that the "shortest sentence would demean the seriousness of the offense and the impact on the victim." In addition, the trial court stated that it had considered the record, the PSI, the oral statements, "as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11." Finally, the trial court stated that it had "considered the overriding purposes of felony sentencing to protect the public from future crime by the offender and others, and to punish the offender, and has considered the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim. The Court FINDS that the sentence imposed is reasonably calculated to achieve these purposes, and is commensurate with and does not demean the seriousness of the offenders conduct and its impact upon the victim, and is consistent with sentences imposed for similar crimes committed by similar offenders."
Our initial inquiry is to determine whether the court properly decided that a prison sentence was necessary. R.C. 2929.13(C) specifically directs the sentencing court to apply the purposes and principles found in R.C. 2929.11 and the factors listed in R.C. 2929.12 in deciding whether to impose a prison or non-prison sanction in this context. Likewise, it implicitly directs the court to R.C. 2929.13(B)(2), which addresses the factors for sentencing fourth and fifth degree felons to prison. As pointed out in Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.) 400, Section T1.11, it would be incongruous not to imprison a third degree felon in a situation where the factors in R.C. 2929.13(B) require prison for a fourth or fifth degree felon. Accordingly, the sentencing court must indicate on the record that it conducted an analysis under R.C. 2929.12(B) and (C) of the seriousness of the defendant's conduct; it also must conduct an analysis under R.C. 2929.12(D) and (E) of the likelihood of recidivism. Both of the determinations must precede a decision on the type of sanction, i.e. prison or non-prison, that is appropriate. Here it is clear that the court considered the overriding principles and purposes of R.C. 2929.11. But there is no indication in the record that the court considered R.C. 2929.12 before deciding that a prison term was necessary. Likewise, the record contains no reference to R.C. 2929.13(B). Thus, we are forced to conclude that the current record is insufficient to allow us to review the propriety of imposing a prison sanction.
Logically, we could conclude our analysis at this point and remand for re-sentencing in toto. However, in light of the labyrinthine nature of the statute, we will address the remainder of appellant's arguments to provide additional guidance in the re-sentencing procedure.
Once the court has decided a prison term is necessary, the starting point for imposing a sentence is to consider the minimum sentence. See R.C. 2929.14(B) and State v. Hoskins (Mar. 16, 2001), Ashtabula App. No. 2000-A-0037. R.C. 2929.14(B) provides that the court may impose more than the minimum sentence for a first prison sentence if the court finds on the record that the shortest term will either demean the seriousness of the crime or will not protect the public from future crimes. However, a prison sentence that merely repeats the language in R.C. 2929.14(B), without any indicia of a consideration of the factors set forth in R.C.2929.12 and R.C. 2929.14 is improper as a matter of law. See State v.Starkweather, Ashtabula App. No. 2001-A-0006, 2002-Ohio-1471, at Section 13-14. In making either finding under R.C. 2929.14(B), the sentencing court must again use the factors determining the seriousness and likelihood of recidivism found in R.C. 2929.12. See State v. Jones (June 29, 2000), Mercer App. No. 10-2000-05, 2000-Ohio-1908.
Finally, after deciding that more than the minimum term is necessary for the first prison sentence, the court must return to R.C. 2929.11(B) for general guidance on the length of that term. If the court considers imposing the maximum sentence, it must comply with R.C. 2929.14(C) for single offenses. A decision that involves more than the minimum but less than the maximum, i.e. intermediate sentences, will be based upon a consideration of R.C. 2929.11, R.C. 2929.12 and R.C. 2929.13(C).
The level of appellate review envisioned by the new sentencing statute requires a statement in the record that indicates which R.C. 2929.12
factors the sentencing court found to exist and how they affected the sentencing decision. Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.) 730, Section T9.19. Some appellate courts, including this one, seeState v. Orlando (Nov. 18, 1998), Lawrence App. No. 97CA57, have assumed from a silent record or boiler plate language that the sentencing court has in fact considered the principles contained in R.C. 2929.11 and the factors in R.C. 2929.12. However, such a review amounts to a traditional abuse of discretion standard that is no longer appropriate. See State v.Persons (April 4, 1999), Washington App. No. 98CA19; State v. Dunwoody
(August 5, 1998), Meigs App. No. 97CA11; and Griffin Katz, at 731. The appellate review provisions of the new statute require more than a sentence be within the statutory limits; a sentence that fails to set forth R.C. 2929.12 factors that persuaded the trial court to impose a prison sentence on a first time offender who is guilty of a third degree felony provides no indication that the sentence is based upon permissible considerations. Griffin Katz, at 731. Moreover, the only way to assure consistency in sentences is to insist upon a full explanation of each sentence. Absent such an explanation, appellate review is ineffective.Id. at 732.
With this premise in mind, we have examined the sentencing entry and the record of the sentencing hearing. Because taken together they do not provide an effective basis for appellate review, we are forced to remand the matter to the trial court for resentencing. We do so without commenting on whether the merit of appellant's contentions are correct. The sole purpose of our remand is to create a record that will allow us to review the sentence for compliance with the provisions of the statute. To that limited extent, the appellant's second assignment of error has merit.
In his third assignment of error, Longnecker contends that the trial court should have withdrawn his no contest plea when the prosecutor offered him that opportunity because his plea was not knowing, voluntary, or intelligent. We find no merit in this argument.
A defendant does not have an absolute right to withdraw a no contest plea. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph one of the syllabus. When faced with such a motion, the trial court must conduct a hearing in order to determine if there is a reasonable and legitimate basis for the withdrawal of the plea. Id. at paragraph one of the syllabus. Whether to grant or deny a Crim.R. 32.1 motion[2] is a decision within the sound discretion of the trial court. Id. at paragraph two of the syllabus. We will not reverse the decision of the trial court absent an "abuse of discretion." Id. at 526. The term "abuse ofdiscretion" implies more than an error of judgment; it implies that the court's ruling was "unreasonable, arbitrary, or unconscionable." Xie,62 Ohio St.3d at 527. When applying the abuse of discretion standard, we are not free merely to substitute our judgment for that of the trial court.In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181, citing Berkv. Matthews (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.
Here, Longnecker did not make a motion to withdraw his no contest plea. Instead, the state indicated to the trial court that it would not object to Longnecker withdrawing his no contest plea. Therefore, the trial court did not have a motion pending before it. Crim.R. 32.1 permits the defendant to make a motion to withdraw his no contest plea but it does not permit the court or the state to make that motion. City ofCleveland Heights v. Fernando (Dec. 21, 2000), Cuyahoga App. No. 77911. See, also, Crim.R. 32.1. Therefore, the trial court was not obligated to conduct a hearing. Nevertheless, Crim.R. 11(C)(2) requires the court to determine that Longnecker knowingly, voluntarily, and intelligently entered his no contest plea. Therefore, we will briefly address whether the trial court properly accepted Longnecker's no contest plea.
After a thorough review of the record it is clear to us that Longnecker knowingly, voluntarily, and intelligently entered his no contest plea as Crim.R. 11 requires. The trial court spent an exhaustive amount of time (twenty pages in the transcript) explaining in detail the consequences of the no contest plea. In addition, the trial court repeated three and sometimes four times that Longnecker was waiving certain constitutional rights. Each time Longnecker stated that he understood. The trial court asked him what his plea was and Longnecker replied "no contest." The trial court then asked, three different times, "Do you still wish to plead no contest?", and he answered "Yes." Therefore, the trial court clearly complied with Crim.R. 11. Longnecker's third assignment of error is overruled.
In his fourth assignment of error, Longnecker argues that his trial counsel was ineffective because he did not make a motion to withdraw his no contest plea. We find no merit in this argument.
In order to prevail on an ineffective assistance of counsel claim, Longnecker must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, citing Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.
Here, Longnecker's trial counsel cannot be deficient for following his client's instructions. Prior to the change of plea hearing, trial counsel stated that he was fully prepared to go to trial but that on the eve of trial Longnecker called him and requested that a plea bargain be negotiated in order to spare his family. As the sentencing/sexual predator hearing continued, trial counsel began to dispute some of the items in the PSI. At this point the state suggested that the court allow Longnecker to withdraw the no contest plea. Trial counsel stated that the state could not make a motion to withdraw the no contest plea. Further, trial counsel stated that his client had his reasons for pleading no contest and "I don't know that that reason has changed." As the hearing continued, trial counsel called Longnecker himself to the stand and stated, "I'd like for you to explain to the Court why you called me on October 30th and told me that you did not want to proceed to trial on this matter." Longnecker responded: "Main reason was that my wife was so upset that I thought she was going to have a breakdown — a nervous breakdown, and I just couldn't put her through any more pain and —." After the state offered not to object to a motion to withdraw his no contest plea, Longnecker had the opportunity to explain why he was pleading no contest and he did so. In essence, Longnecker reaffirmed his trial counsel's belief that his reasons for pleading no contest had not changed. Trial counsel was bound by Longnecker's insistence to plead no contest.
In addition, a plea of no contest is still valid even if the accused insists that he did not commit the acts described in the indictment or otherwise offers mitigating evidence. State v. Post (1987),32 Ohio St.3d 380, 387, 513 N.E.2d 754, citing North Carolina v. Alford
(1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. In Alford, the Court found that there was no constitutional bar to accepting a guilty plea in the face of an assertion of innocence so long as an accused voluntarily, knowingly, and intelligently entered the plea. Alford, 400 U.S. at 37. Longnecker was free to protest the charges or the allegations in the PSI, even though he pled no contest. Therefore, Longnecker's trial counsel cannot be ineffective because he attempted to illustrate possible mitigating circumstances or claims of actual innocence in the hope of procuring a more lenient sentence for his client. The trial court was thorough in its handling of Longnecker's change of plea. As we found when addressing the third assignment of error, Longnecker entered his plea knowingly, voluntarily, and intelligently. Longnecker's fourth assignment of error is overruled.
 III.
The trial court's finding that Longnecker was a sexual predator was against the manifest weight of the evidence. Therefore, this case is remanded to the trial court for another sex offender classification hearing in accordance with Eppinger, 91 Ohio St.3d 158 in order to determine if Longnecker is a sexual offender. Because the record is insufficient to allow us to review whether Longnecker's sentence complies with the statute, we also remand for resentencing. The trial court did not abuse its discretion in accepting Longnecker's no contest plea. Finally, trial counsel was not ineffective. Therefore, Longnecker's first and second assignments of error are sustained and his third and fourth assignments of error are overruled.
JUDGMENT REVERSED AND REMANDED IN PART AND AFFIRMED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED IN PART AND AFFIRMED IN PART and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Opinion with Attached Concurring Opinion.
Kline, J.: Concurs in Judgment Opinion.
[1] The court's sentencing entry stated that it had reviewed the PSI and the R.C. 2950.09(B)(2) factors and that "[b]ased on the evidence before the Court, the Court FINDS that the State has proven by clear and convincing evidence that * * * Longnecker is a Sexual Predator pursuant to Ohio Revised Code Section 2950.01(E), and that he is likely to engage in one or more sexually oriented offenses in the future."
[2] Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."